INHABITANTS OF BELFAST *vs.* WM. H. FOGLER, Assignee.

Waldo.    Opinion September 29, 1880.

*Taxes.   Insolvency; proceedings in, not an " action."*

Stat. 1879, c. 154, § 15, requiring "city taxes to be paid in full," is applicable to an insolvent's estate, in which no dividend had been made until after that statute took effect, although proceedings in insolvency were commenced prior to the enactment of the statute.

Proceedings in insolvency do not constitute an "action" within the meaning of that word, as used in the statutes, which provide, that actions pending at the time of the passage or repeal of an act, shall not be affected thereby.

ON AGREED STATEMENT OF FACTS.

The opinion states the case.

*R. F. Dunton*, city solicitor, for the plaintiffs.

*W. H. Fogler*, for the defendant.

It is a settled rule in construing statutes, that they are to be considered prospective, unless the intention to give a retrospective operation is clearly expressed.   *Hastings* v. *Lane*, 15 Maine, 134; *Rogers* v. *Greenbush*, 58 Maine, 397; *Whitman* v. *Hapgood*, 10 Mass. 439; *Gerry* v. *Stoneham*, 1 Allen, 319; *Dash* v. *VanKleeck*, 7 Johns. 502.

Proceedings in insolvency may be considered an action pending and not to be affected by legislation.   R. S., c. 1, § 3.   In involuntary insolvency, like the case at bar, creditors in determining whether to institute proceedings, consider the amount of preferred claims, by the law in force.   By the commencement of proceedings, the creditors make a legal demand of their rights before a court having jurisdiction.   And this court in *Webster*

v. *Co. Comr's*, 63 Maine, 30, adopted Coke's definition of "action." "An action is a legal demand of a man's right."

Virgin, J. This is an action of debt brought under the provisions of stat. 1874, c. 232, as amended by stat. 1879, c. 158, to recover a certain sum assessed by the city of Belfast, as a city-tax, against one Mitchell, who, on January 29, 1879, was duly adjudged an insolvent, and the defendant duly appointed his assignee.

When the proceedings in insolvency were commenced, the only taxes which the insolvent act required to be "paid in full" were "taxes due to the State and the United States." Stat. 1878, c. 74, § 36. Prior to June, 1879, when the first and only dividend was declared, to wit, on March 3, 1879, the amendment to the insolvent act took effect which gave like priority to "county, city or town taxes." Stat. 1879, c. 154, § 15. The only question is, Does the amendment apply to this case and require the defendant to pay the city-tax sued on in full?

Our opinion is that it does; that the proceedings in insolvency are not an "action" within the meaning of that word as used in the last clause of R. S., c. 21, § 3, which provides that actions pending at the time of the passage or repeal of an act, shall not be affected thereby. We think the case of *Webster* v. *Co. Com.* 63 Maine, 27, and S. C. 64 Maine, 434, decisive of this.

*Judgment for plaintiff for $98.56.*

Appleton, C. J., Walton, Danforth, Peters and Libbey, JJ., concurred.